601 A.2d 1209

ELLIN CORP., A NEW JERSEY CORPORATION, PLAINTIFF–APPELLANT, v. TOWNSHIP OF NORTH BERGEN, THE NORTH BERGEN RENT LEVELLING BOARD, THE NORTH BERGEN SENIOR CITIZENS AND DISABLED PERSONS CONDOMINIUM/COOPERATIVE CONVERSION PROTECTION BOARD AND WALTER JAKUBEK AND GLORIA JAKUBEK, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued January 6, 1992—Decided February 4, 1992.

Before Judges PETRELLA, ARNOLD M. STEIN [1] and KESTIN.

*Alan M. Stark* argued the cause for appellant.

*Donald A. Caminiti* argued the cause for respondents Township of North Bergen, The North Bergen Rent Levelling Board, and The North Bergen Senior Citizens and Disabled Persons Condominium/Cooperative Conversion Protection Board (*Breslin & Breslin,* attorneys; *Donald A. Caminiti,* on the brief).

---

[1] Judge Stein did not participate in oral argument but has participated in the decision with the consent of the parties.

*Jerome L. Liebowitz* argued the cause for respondents Walter Jakubek and Gloria Jakubek (*Jerome L. Liebowitz* relied on the brief filed by Township of North Bergen).

The opinion of the court was delivered by

PETRELLA, P.J.A.D.

Ellin Corp. challenged the grant of protected tenancy status to Walter and Gloria Jakubek in 1988 for their apartment at 3600 Charles Court, North Bergen, under the Senior Citizens and Disabled Protected Tenancy Act (*N.J.S.A.* 2A:18–61.22 *et seq.*). The Jakubeks had previously applied for protected tenancy status in October 1986, but the North Bergen Rent Levelling Administrator determined that the Jakubeks were not then eligible for protected status based on their 1985 income.

Several significant things happened in 1987. Ellin Corp., which had previously applied for registration with the Department of Community Affairs concerning its intention to convert to condominium form of ownership, received its registration approval on January 22, 1987. On October 20, 1987, Chapter 287 of the Laws of 1987 became effective and amended *N.J.S.A.* 2A:18–61.28 to increase the income threshold for protected tenancy from three times the county per capita personal income (then equalling $36,441 for Hudson County) to the greater of that figure or $50,000.

In December 1987, the Jakubeks again applied for protected tenancy status, but it was determined that they did not qualify based on the administrator's use of their 1985 income which exceeded the threshold by $219.99.[2]

A master deed converting the apartment complex to a condominium form of ownership was filed by Ellin Corp. on January 6, 1988. In June of that year the Jakubeks submitted their third application to the Rent Levelling Administrator for pro-

---

[2]The administrator should have used 1986 income.

tected tenancy status. This application was granted based on their 1987 income of $47,320.16. Ellin Corp. requested a hearing before the North Bergen Senior Citizens and Disabled Persons Condominium Cooperative Conversion Protection Board (the Board). The Board upheld the administrator's determination. Ellin Corp. then instituted an action in lieu of prerogative writs. This resulted in the Law Division judge's determination which upheld the Board's action.

On appeal, Ellin Corp. contends that the administrative agency had no right to consider the tenants' third application for protected tenancy status on June 9, 1988. Appellant argues that the application was out of time, violating the statutory scheme limiting an application to be made within 60 days, with an appeal from a denial to be taken within 10 days. Ellin Corp. concedes, however, that the Jakubeks were entitled to file their second application because of the amendment to *N.J.S.A.* 2A:18–61.28c which changed the eligibility threshold. It argues, however, that the third application was impermissible.

■■ *N.J.S.A.* 2A:18–61.32 provides a mechanism for terminating the protected tenancy status of any senior citizen tenant or disabled tenant who no longer meets the eligibility requirements of the statute. Since the statute allows a landlord to apply for termination of "protected tenancy status" (see *N.J.S.A.* 2A:18–61.25 and *N.J.S.A.* 2A:18–61.28) if the tenant's income exceeds the eligibility threshold, we find no inconsistency in the statutory scheme permitting a tenant to reapply for protected status based on the last full year's income where there has been a previous denial. Certainly this would be so where the rights of a bona fide purchaser are not involved, as long as the application was made prior to any court determination that the tenants were no longer entitled to possession. In our view this preserves a proper and necessary balance and accords with the legislative scheme and policy as enunciated in *N.J.S.A.* 2A:18–61.23 and *Edgewater Investment Associates v. Borough of Edgewater,* 103 *N.J.* 227, 510 *A.*2d 1178 (1986), affirming 201 *N.J.Super.* 267, 493 *A.*2d 11 (App.Div.1985). We

do not view the 60–day provision in *N.J.S.A.* 2A:18–61.29, upon which Ellin Corp. apparently relies, as a statutory limit on applications for protected status. Rather, it is a restriction on the authority of the Department of Community Affairs to approve a registration of conversion until proof has been filed "that the administrative agency or officer has made determinations and notified all tenants who applied for protected tenancy status within the initial 60–day period of their eligibility or lack of eligibility." Indeed, *N.J.S.A.* 2A:18–61.25 states in part, and without other limitation:

> The protected tenancy status shall be granted upon proper application and qualification pursuant to the provisions of this amendatory and supplementary act.

The statute contains no limitation on the tenant with respect to the time of application and no prohibition of an application for any subsequent year after a denial on eligibility grounds in a prior year.[3]

Finally, as we view the decision by the trial judge, including his amplification in light of a question by appellants' attorney, he did not use later figures than those considered by the Rent Levelling Administrator. Although it was suggested to the judge by respondent's attorney that the time of the decision rule applied, the judge clearly based his decision upon the time period and the income figure used by the administrative officer and the agency. Moreover, as we noted above, the administrative officer erred on the second application in basing his denial in 1987 upon 1985 income, rather than 1986 income. We recognize that the Jakubeks did not appeal that determination and, in any event, it had no bearing on the third application.

Affirmed.

---

[3]We need not address the potential applicability of the Condominium Conversion Moratorium Act, *N.J.S.A.* 2A:18–61.1(k) (*L.* 1991, *c.* 45), which became effective March 4, 1991, and scheduled to expire June 1, 1992. On January 13, 1992, the Legislature approved Assembly Bill No. 5321 (1991) (to enact the Tenant Protection Act of 1992), which was signed by the Governor on January 18, 1992 (*L.* 1991, *c.* 509).